MARÍA VÉLEZ DE ALICEA, Plaintiff and Appellee, v. LUISA OROZCO DE POOL, Defendant and Appellant.

No. 8091.   Argued November 4, 1941.—Decided November 25, 1941.

R. Ramírez Pabón for appellant.   Alejandro Lamour for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The plaintiff herein in her complaint alleged that on September 27, 1936, just as she was coming down from a house where she had been engaged as a cook, she was attacked by a police dog belonging to defendant who kept it in her possession and custody, letting it move about loose and without a muzzle; that the dog threw her to the floor and bit and scratched her left leg several times; that owing to such injuries the plaintiff was compelled to stay in bed for over a month, limps, is unable to work, and has suffered and is still suffering from acute nervous spells, etc.; and, lastly, that the damages inflicted on her amounted to $2,385, for which she demanded judgment in her favor.

After the default of the defendant had been entered and the trial held without her appearance, the court adjudged her to pay $250 as damages together with costs but without including attorney's fees. From that judgment the defendant has brought the present appeal which she bases on the following assignments of error:

''1. The court erred in placing upon the appellant the responsibility for the injuries inflicted by the dog who bit the appellant and in adjudging the appellant to pay compensation for such damages.

''2. The court erred in denying the motion for reconsideration filed by the appellant.

''3. The court erred in weighing the evidence introduced by the appellee.

''4. The court erred in sustaining the complaint in this case and awarding costs to the appellee.''

We will discuss them together, as they all refer to the sufficiency of the evidence and to the weighing thereof by the trial court.

From a consideration of the evidence adduced by the plaintiff, the trial judge reached the following conclusions:

''. . . . . From the pleadings and from the evidence heard the following appears: The plaintiff is a washerwoman and cook about 48 or 50 years of age; she went into the yard of the defendant's house where she was attacked by a dog which bit and scratched her left leg; these injuries were treated by a nurse and by Dr. Soto Rivera in the Municipal Hospital of Río Piedras. Felícita González, the nurse, testified at the second hearing of this case that she gave the plaintiff an injection of antitetanic serum, and that both the cost of the injection and her fees for applying the same were paid by Doña Luisa, whose surname she failed to state; when she applied the injection the leg was swollen and showed signs of having been bitten; she does not know Doña Luisa nor anything about her.

''  *          *          *          *          *          ●          ●

''The witnesses Juan Guadalupe and Rita Escobar saw the dog attacking the plaintiff and somebody pulling her away from the dog; they also saw that the dog was taken into the defendant's house after the accident. Finally, at the session of June 23 Mrs. Luisa Orozco appeared as a witness for the plaintiff and substantially testified to remembering that a woman had been bitten by a dog in the yard of her house but stated that the dog did not belong to her, that it was a stray dog which turned up in her home, that it used to leave and come back; according to her, the dog belonged to some neighbors from Venezuela but she admits that the dog used to go often to her house where they occasionally fed it. She also testified that it was true that she had ordered that an antitetanic injection be given to

the woman who was bitten, for which she paid as an act of charity; that the woman was sick and did not ask her anything; that it was the attorney who, 11 months after the accident, called on her with the request that she give something to her and, on being questioned by the same attorney, she answered that in such case, that is, 11 months afterwards the dog was on that occasion in her house.''

We think the evidence is amply sufficient to sustain the findings of the lower court. The testimony of the defendant, who was of course a witness hostile to the plaintiff, leaves in our minds the impression that the defendant actually owned the dog which eleven months after the accident still appeared in the parlor of her home.

The facts in *Gigante* v. *Alvarez,* 48 P.R.R. 484, are very similar to those in the case at bar. There, applying Section 1805 of the Civil Code, we held that even though defendant Alvarez might not be the owner of the dog, it was sufficient that he kept and harbored it in his home to render him liable for the injury inflicted on the plaintiff. See Martínez Ruiz, *Interpretación al Código Civil,* (1908 ed.), vol. 11, p. 149; *Redinger* v. *Crespo,* 18 P.R.R. 106; and *Torres* v. *Dávila,* 47 P.R.R. 298.

We are of opinion that the judgment appealed from conforms to the law and the decisions and must, therefore, be affirmed.